UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
MAR 2 7 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-103-GWU

BRENDA BALDWIN,                                                              PLAINTIFF,

VS.                                    **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of her application for Supplemental Security Income (SSI).  The appeal is

currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity?
    If yes, the claimant is not disabled.  If no, proceed to Step 2.
    See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical
    or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
    claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any
    impairment(s) significantly limiting the claimant's physical or
    mental ability to do basic work activities?  If yes, proceed to
    Step 4.  If no, the claimant is not disabled.  See 20 C.F.R.
    404.1520(c), 404.1521, 416.920(c), 461.921.

1

Baldwin

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?   If yes, the claimant was not disabled.   If no, proceed to Step 7.   See 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?   If yes, the claimant is not disabled.   See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

Baldwin

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

3

Baldwin

whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

Baldwin

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

5

Baldwin

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency

6

Baldwin

may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d

279, 282 (6th Cir. 1985). Even then, substantial evidence to support the

Commissioner's decision may be produced through reliance on this expert testimony

only if the hypothetical question given to the expert accurately portrays the plaintiff's

physical and mental impairments. Varley v. Secretary of Health and Human

Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Brenda Baldwin, was found by an Administrative Law Judge

(ALJ) to have "severe" impairments from the residuals of coronary artery bypass

grafting and hypertension "secondary to noncompliance." (Tr. 14). Nevertheless,

based in part on the testimony of a vocational expert (VE), the ALJ determined that

Mrs. Baldwin retained the residual functional capacity to perform a significant

number of jobs existing in the economy and, therefore, was not entitled to benefits.

(Tr. 16-20). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE whether a person of

the plaintiff's age, education, and work experience could perform any jobs if he were

capable of medium level exertion, and could only occasionally climb ladders. (Tr.

586). The VE testified that there were jobs that such a person could perform, and

proceeded to give the numbers in which they existed in the state and national

economies. (Id.).

Baldwin

On appeal, this Court must determine whether the hypothetical factors selected by the ALJ are supported by substantial evidence.

As the plaintiff points out, the ALJ did not find that the plaintiff's asthma was a "severe" impairment. Asthma was diagnosed by a state agency consultative examiner, Dr. Hughes Helm, who obtained a pulmonary function test showing an FEV1 only 64 percent of the predicted value. (Tr. 121, 123). He did not assess any functional restrictions (Tr. 122) but state agency physicians who reviewed the record in January and May, 2002, stated that they gave Dr. Helm considerable weight, and restricted the plaintiff from even moderate exposure to fumes, odors, dusts, gases, and poor ventilation (Tr. 422-38). Another state agency examining physician, Dr. A. Dahhan, examined the plaintiff in September, 2003 and reviewed previous records, including the plaintiff's bypass surgery. (Tr. 441). He restricted the plaintiff to sedentary level exertion and also placed restrictions on exposure to dusts, fumes, and gases. (Tr. 446). Both of the plaintiff's treating physicians indicated that there would be restrictions in these areas, also. Dr. Paula Hollingsworth, one of the plaintiff's cardiologists, while indicating in August, 2003 that the patient did not have an impairment from a cardiac standpoint, and that a stress test and separate evaluation was needed to evaluate functional limitations, additionally specified that Mrs. Baldwin should avoid concentrated exposure to extreme cold, heat, high humidity, wetness, noise, fumes, odors, dusts, gases, and hazards. (Tr. 456-9). Dr.

8

Jose Echeverria, Mrs. Baldwin's treating family physician, completed a functional capacity questionnaire in December, 2003 listing the plaintiff's diagnoses as a pulmonary embolism, coronary artery disease (status post coronary artery bypass grafting), congestive heart failure, hypertension, asthma, and chronic obstructive pulmonary disease. (Tr. 449). Among other restrictions, which would limit the plaintiff to less than full-time work, Dr. Echeverria indicated that Mrs. Baldwin should avoid even moderate exposure to humidity, wetness, dusts, fumes, gases, and odors, and avoid all exposure to extreme cold, extreme heat, and hazards. (Tr. 451).

Clearly, there is an inconsistency between the ALJ's finding of no pulmonary limitations and the opinions of the examining and reviewing sources, apart from the early opinion of Dr. Helm, who examined the patient before her coronary artery bypass and the subsequent pulmonary embolism. The ALJ did cite statements in the later office notes of Dr. Echeverria that the plaintiff smoked (e.g., Tr. 485), but most of the other evidence from examining sources, including prior notes from Dr. Echeverria, as well as the plaintiff's own testimony, is to the contrary (Tr. 104,120, 307, 441, 511, 580). While it may be dubious to assign environmental restrictions to a claimant who smokes, the evidence in the present case is far from conclusive on this point. A remand will be required for additional consideration of this point,

9

Baldwin

particularly in view of the fact that some of the jobs described by the VE in response

to the hypothetical question, such as janotorial and cleaning positions, might well

involve exposure to environmental irritants.  (Tr. 586).[1]

Counsel for the plaintiff also argues that it was error for the ALJ to have found

Mrs. Baldwin capable of medium level exertion, in view of the fact that the treating

physician as well as Dr. Dahhan limited the plaintiff to sedentary lifting or less.  (Tr.

446, 451).  The ALJ primarily cited the opinion of Dr. Hollingsworth as reason for

discounting the other opinions, while also stating that she found Dr. Echeverria's

opinions to be unsupported by the evidence.  As the plaintiff points out, Dr.

Hollingsworth cautioned in her August, 2003 report that she had not seen the patient

since March, 2003 and "the above therefore may not be accurate."  (Tr. 459).  Dr.

Echeverria, by contrast, was continuing to see the patient regularly at the time of his

December, 2003 opinion. (Tr. 449).  Dr. Hollingsworth, while indicating at one point

that the plaintiff had no impairment at this time from her cardiac status, also stated

somewhat contradictorily that a stress test and separate evaluation were necessary

to determine functional capacity.  (Tr. 456, 458).  Therefore, her opinion does not

definitively serve as evidence that the plaintiff was less limited than found by the

---

[1]See, e.g., Dictionary of Occupational Titles (DOT) Section 382.664-010, "janitor," indicates that the job "occasionally" requires exposure to weather and extreme heat, and DOT 323.687-010, "Hospital Cleaner," has "frequent" exposure to wet and/or humid conditions.

10

Baldwin

other two physicians.  As for the ALJ's point that the evidence as a whole does not support greater limitations, based on statements to Dr. Echeverria in late 2003 and early 2004 by the plaintiff that she was "doing fine" (e.g., Tr. 532), Mrs. Baldwin was having difficulty maintaining a therapeutic dose of blood thinner and blood pressure medications, at least partly for financial reasons (Tr. 484-528).  In any event, a statement by a claimant who is not working that he is "doing fine" is not necessarily inconsistent with a functional restriction to sedentary work.  Essentially, the only medical sources to clearly support the ALJ's finding that the plaintiff could perform medium level exertion were Dr. Helm and the state agency reviewers, who completed their opinions in 2002 and who did not have access to the entire record.  Such opinions are not substantial evidence to overcome the opinion of later, examining and treating sources.  Barker v. Shalala, 40 F.3d 789,794 (6th Cir. 1994).

The decision will be remanded for further consideration.

This the ___27___ day of March, 2006.

G. WIX UNTHANK
SENIOR JUDGE

11